**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4347**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM XAVIER GREEN,

Defendant - Appellant.

_____

**No. 16-4468**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE ANTOINE WALKER,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cr-00526-RDB-2; 1:15-cr-00526-RDB-1)

_____

Submitted: March 28, 2017            Decided: April 5, 2017

_____

Before KING, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ruth Vernet, Rockville, Maryland; James Wyda, Federal Public Defender, Meghan Skelton, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Aaron S.J. Zelinsky, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Xavier Green and Andre Antoine Walker appeal their convictions and sentences following their guilty pleas for conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (2012), bank robbery and armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (2012), and using, carrying, and brandishing a firearm in relation to a crime of violence, in violation* of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). We affirm.

Green and Walker challenge their firearm convictions on the basis that armed bank robbery does not qualify as a crime of violence. However, we recently addressed this issue in United States v. McNeal, 818 F.3d 141 (4th Cir.), cert. denied, 137 S. Ct. 164 (2016), holding that armed bank robbery is, in fact, a crime of violence under 18 U.S.C. § 924(c)(3)(A) (2012). Id. at 157. Thus, we reject this claim.

Green and Walker also contend that their sentences were procedurally unreasonable because the district court ignored their nonfrivolous arguments for lighter sentences. We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51-52

_____

* Both Appellants preserved the right to appeal this issue with conditional guilty pleas. Fed. R. Crim. P. 11(a)(2).

3

(2007). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis and internal quotation marks omitted), and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. An extensive explanation is not required as long as we are satisfied "that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (brackets and internal quotation marks omitted).

Our review of the sentencing hearings confirms that the district court properly considered the arguments presented by Green and Walker. The court balanced evidence of their backgrounds and personal characteristics against the serious danger posed by a crime spree in which Green and Walker committed four bank robberies in less than one month. We therefore find no abuse of discretion.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4